UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CLAUDIA SPILLMAN, | Plaintiff, |
| v. | Civil Action No. 3:21-cv-269-DJH |
| MASON, SCHILLING & MASON CO. LPA and JOHN DOES 1–25, | Defendants. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Claudia Spillman alleges that Defendant Mason, Schilling & Mason Co. LPA violated the Fair Debt Collection Practices Act by making threatening and misleading statements when attempting to collect a debt Spillman purportedly owed to Proscan Imaging.[1] (Docket No. 1, PageID # 6–10)  MSM moves to dismiss Spillman's complaint. (D.N. 11) Spillman opposes dismissal and requests leave to amend her complaint. (D.N. 14) After careful consideration, the Court will deny Spillman's request and grant MSM's motion.

**I.**

The Court "takes the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020). In August 2020, Spillman received a letter from MSM notifying her that MSM was authorized to collect a debt that she allegedly owed to Proscan Imaging. (D.N. 1, PageID # 7; *see* D.N. 1-1, PageID # 13)  The letter states:

> Our client has referred the above matter to our office. Please note that our client has already authorized us to file a lawsuit to collect the balance due. We will wait until the expiration of the 30 day period below, before considering whether we

---

[1] Spillman also sues "John Does 1–25," which "are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action." (D.N. 1, PageID # 3)

should file a lawsuit. If a lawsuit is filed, you may be held liable for interest and court costs, which would increase the balance due indicated herein. Please submit your check directly to this office, made payable to Mason Schilling & Mason Co., L.P.A., Attorneys for PROSCAN IMAGING.

(D.N. 1-1, PageID # 13) The letter was signed by "Rachel J. Mason." (*Id.*)

Below the signature and in bold print, the letter provides the disclosures required under the FDCPA, 15 U.S.C. § 1692g(a), stating, "Unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." (D.N. 1-1, PageID # 13) It further notes:

> If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

(*Id.*) The letter was printed on MSM's letterhead, which includes the phrase "Attorneys at Law" just below the MSM logo. (*Id.*)

On January 13, 2021, Proscan Imaging, represented by MSM, filed suit against Spillman in state court to collect the alleged debt.[2] (*See* D.N. 11-1) Spillman initiated this action against MSM on April 29, 2021, asserting that MSM violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, by "falsely threatening legal action when they had no intention of suing [her]," "making a false and misleading representation," and using language that "overshadow[ed]" the required disclosures. (D.N. 1, PageID # 9–10) MSM moves to dismiss Spillman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), arguing that Spillman does not have standing to bring her

---

[2] A court may consider public records in deciding a motion to dismiss "without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)).

2

claim and that she fails to state a claim upon which relief can be granted. (*See* D.N. 11) Spillman opposes dismissal and seeks leave to amend her complaint. (D.N. 14)

**II.**

Standing under Article III "must be addressed as a threshold matter." *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) (citing *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017)). "Whether a party has standing is an issue of the [C]ourt's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x. 409, 410–11 (6th Cir. 2013)). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing]." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). To establish standing, the plaintiff bears the burden to show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation" to collect a debt and from threatening legal action "that is not intended to be taken." 15 U.S.C. § 1692e(5), 1692e(10). It also requires debt collectors to "send the consumer a written notice containing" certain disclosures.[3] 15 U.S.C. § 1692g(a). Any other communications with the consumer "may not overshadow or be inconsistent with" these

---

[3] The notice must contain statements that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" and that "if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3)–(4).

disclosures. *See* § 1692g(b). In her complaint, Spillman claims that MSM violated the FDCPA by (1) threatening legal action that it did not intend to initiate and (2) overshadowing Spillman's right to dispute the alleged debt through the "false threat of pending legal action." (D.N. 1, PageID # 9–10; *see* D.N. 1-1, PageID # 13) Spillman also argues that she was unable "to fully ascertain her statutory rights" after receiving MSM's letter. (D.N. 1, PageID # 9; *see* D.N. 1-1, PageID # 13) She does not assert that she made a payment on the debt or would have disputed the debt if the letter had been worded differently. (*See* D.N. 1)

MSM argues that Spillman has failed to allege an injury in fact (D.N. 11, PageID # 40), which requires an injury that is "concrete and particularized." *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted). While an intangible harm, such as a defendant's statutory violation, can qualify as an injury in fact, Spillman "does not automatically have standing simply because Congress authorizes a plaintiff to sue a debt collector for failing to comply with the FDCPA." *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021) (citing *Spokeo*, 578 U.S. at 341). In other words, "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). Spillman therefore "must show either that the procedural harm itself is a concrete injury of the sort traditionally recognized or that the procedural violations caused an independent concrete injury."[4] *Ward*, 9 F.4th at 361.

---

[4] Plaintiffs may also establish injury in fact by asserting a "risk of future harm," if either "the risk of future harm materialized" or "the plaintiffs 'were independently harmed by their exposure to the risk itself.'" *Ward*, 9 F.4th at 361 (quoting *TransUnion*, 141 S. Ct. at 2211). Spillman states that she does not rely on a material-risk-of-harm injury to establish standing. (D.N. 14, PageID # 82 n.1)

A.     **Statutory Violation as a Concrete Injury**

Spillman argues that MSM's alleged FDCPA violations constitute injuries in fact. (D.N. 14, PageID # 78–82) The Supreme Court has held that a plaintiff cannot "automatically satisf[y] the injury-in-fact requirement when a statute grants a person a statutory right" to sue. *Spokeo*, 578 U.S. at 341. Rather, when asserting that a statutory violation establishes an injury in fact, the plaintiff must show that the violation "resembles a harm traditionally regarded as providing a basis for a lawsuit," although the "common-law or historical analogue need not be an 'exact duplicate.'" *Ward*, 9 F.4th at 362 (quoting *TransUnion*, 141 S. Ct. at 2209). Examples of these analogues include "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 141 S. Ct. at 2204 (citing *Meese v. Keene*, 481 U.S. 465, 473 (1987); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008)).

Spillman argues that the anxiety and confusion she experienced after receiving MSM's letter satisfy the injury-in-fact requirement because they are the types of harms Congress sought to prevent in enacting the FDCPA. (D.N. 14, PageID # 78–82) While the complaint does not allege that Spillman experienced any anxiety or emotional distress (*see* D.N. 1), Spillman states that she will assert these symptoms in an amended complaint if the Court grants her request for leave to amend. (*Id.*, PageID # 79) Yet the Court need not grant amendment where the plaintiff does not file a motion or provide a proposed amended complaint, and Spillman has done neither here. *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012).

Moreover, these proposed allegations are insufficient to establish standing and thus amendment would be futile. *See Garland v. Orlans, PC*, 999 F.3d 432, 438–41 (6th Cir. 2021); *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (noting that a court may deny leave to

5

amend when the proposed amendment would be futile (citing Fed. R. Civ. P. 15(a)(2))). In *Garland*, the Sixth Circuit found that the plaintiff failed to demonstrate that Congress intended the FDCPA to protect consumers from confusion or anxiety. 999 F.3d at 438–41. The court explained that "[c]onfusion does not have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit'" and that in enacting the FDCPA, Congress did not intend to make confusion cognizable. *Id.* at 437–38 (quoting *Spokeo*, 578 U.S. at 340–41). The court similarly held that "a general allegation of emotional harm like anxiety or distress falls 'short of cognizable injury as a matter of general tort law,' because 'liability [for emotional harm] arises' '*only* where it is extreme.'" *Id.* at 440 (alteration in original) (citation omitted) (quoting *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864–65 (6th Cir. 2020)). The plaintiff therefore could not establish standing based on the anxiety and confusion resulting from the defendant's alleged statutory violations. *Id.* at 438–41.

Spillman attempts to distinguish her claims from those in *Garland*, *id.*, by arguing that MSM's letter and subsequent lawsuit against her "implicate[] precisely the sort of abusive debt collection practices that the FDCPA was designed to prevent." (D.N. 14, PageID # 81–82 (citing S. Rep. No. 95-382, at 2 (1977))) But even if the Court accepted this argument, Spillman has not pointed to any traditional or common-law injuries that resemble her alleged anxiety and confusion (*see* D.N. 14), which is required when claiming that a statutory violation establishes standing. *See Ward*, 9 F.4th at 362. Thus, the Court cannot find that Spillman has demonstrated that she has standing based on MSM's alleged FDCPA violations and will deny leave to amend. *See Spokeo*, 578 U.S. at 338 ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [standing]." (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990))); *Ward*, 9 F.4th at 362 (rejecting comparison of defendant's failure to provide plaintiff with

6

accurate information in violation of the FDCPA to invasion-of-privacy tort and dismissing for lack of standing); *Portnoy v. Nat'l Credit Sys.*, Inc., No. 1:17-CV-834, 2021 WL 5918911, at *3 (S.D. Ohio Dec. 14, 2021) (holding that plaintiffs did not have standing when they failed to show that inaccurate information on debt-collection letter "resemble[d] a harm traditionally regarded as providing for a basis for a lawsuit in American courts").

**B.    Independent Concrete Harm**

Spillman also contends that her "anxiety and emotional distress" are concrete harms independent from the statutory violations and thus constitute injuries in fact. (D.N. 14, PageID # 79–80)  MSM cites *Garland*, 999 F.3d 432, and *Buchholz*, 946 F.3d 855, for the proposition that anxiety is not a concrete injury. (D.N. 11, PageID # 51)  In *Buchholz*, the plaintiff received two letters sent by a law firm and signed by an attorney, which explained that the firm was retained to collect the plaintiff's debts.  946 F.3d at 860.  The plaintiff sued the firm, arguing that the letters caused him anxiety because they gave "the impression that an attorney had reviewed his case and determined that he owed the debts." *Id.* at 859.  The Sixth Circuit found that the plaintiff's anxiety did not meet the traceability requirement because it was "self-inflicted." *Id.* at 866.  That is, the plaintiff was merely "anxious about the consequences of his decision to not pay the debts that he does not dispute he owes." *Id.*  The court further noted its "doubt[]" that anxiety, without an allegation of more significant emotional distress, would be a cognizable injury in any case. *Id*. at 864–67.

The court clarified this holding in *Garland*. *See* 999 F.3d at 436–39.  There, the plaintiff alleged that he suffered from confusion and anxiety after a law firm sent him a debt-collection letter, which "deceptively implied" that it was from an attorney, in violation of the FDCPA. *Id.* at 436.  Relying on *Spokeo*, 578 U.S. at 340–41, the court determined that the plaintiff's anxiety

7

and confusion were "not concrete enough to support standing." *Garland*, 999 F.3d at 437. Specifically, the court held that neither "the state of confusion" nor anxiety is a concrete injury. *Id.* at 438–39 (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020)) (internal quotation marks omitted).

Spillman attempts to distinguish *Buchholz*, 946 F.3d 855, and *Garland*, 999 F.3d 432, from her complaint, arguing that the threat of litigation in this case was not speculative because MSM did initiate a debt-collection lawsuit. (D.N. 14, PageID # 79–81; *see* D.N. 11-1) She contends therefore that her anxiety and confusion are independent, concrete injuries created by the alleged FDCPA violations. (D.N. 14, PageID # 79–81) But the Sixth Circuit has determined that anxiety and confusion are not concrete injuries, and the fact that MSM ultimately sued Spillman to collect the purported debt does not alter that conclusion. *See Ward*, 9 F.4th at 363 ("[C]onfusion alone is not a concrete injury for Article III purposes."); *Garland*, 999 F.3d at 437–39 ("*Buchholz* and *Spokeo* create an insurmountable barrier for Garland because a bare allegation of anxiety is not a cognizable, concrete injury.").

Spillman also asserts that the legal costs she incurred from receiving the debt-collection letter satisfy the injury-in-fact requirement. (D.N. 14, PageID # 83) The Sixth Circuit, however, has rejected the cost of hiring counsel as a basis for establishing an injury in fact. *See Ward*, 9 F.4th at 363 (citing *Duncan v. Liberty Mut. Ins. Co.*, 854 F. App'x 652, 670 (6th Cir. 2021) ("If the voluntarily incurred expenses of bringing a suit . . . could be used by themselves to show [concrete injury], this element of Article III standing would always be satisfied by any plaintiff who incurs legal expenses.")).

## III.

In sum, Spillman claims a bare procedural violation of the FDCPA, which is insufficient to establish standing. *See Spokeo*, 578 U.S. at 338. Although Spillman asserts that she would allege anxiety, confusion, and legal costs in an amended complaint, she has neither filed a motion to amend nor provided the proposed amended complaint. *See Ohio Police & Fire Pension Fund*, 700 F.3d at 844. Moreover, Spillman has failed to show that MSM's alleged statutory violations "resemble[] a harm traditionally regarded as providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204). The Sixth Circuit has also rejected confusion, anxiety, and legal costs stemming from alleged FDCPA violations as concrete harms. *See id.* at 363; *Garland*, 999 F.3d at 437–39. The Court will therefore dismiss Spillman's complaint without prejudice. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[D]ismissal for lack of subject matter jurisdiction should normally be without prejudice.").

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that MSM's motion to dismiss (D.N. 11) is **GRANTED**. This matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's docket.

March 8, 2022

David J. Hale, Judge
United States District Court